# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | NO. 25-57-3 |
| v. | : | |
| **MD RAFIKUL ISLAM**<br>a/k/a "Mohammed Rafikul Islam,"<br>a/k/a "Jibon" | :<br><br>: | |

## DEFENDANT, MD RAFIKUL ISLAM'S BRIEF IN SUPPORT OF HIS MOTION FOR RELEASE PENDING APPEAL OR IN THE ALTERNATIVE TO EXTEND THE SURRENDER DATE

On February 18, 2025, a grand jury sitting in the Eastern District of Pennsylvania returned a 33-count Indictment charging MD Nurul Hasan, MD Munsur Ali, a/k/a "Mithu," and MD Rafikul Islam, a/k/a Mohammed Rafikul Islam, a/k/a "Jibon," with conspiracy, in violation of 18 U.S.C. § 371 [Count 1]; false information in registering and aiding and abetting, in violation of 52 U.S.C. §10307(c) and 18 U.S.C. §2 [Counts 2 through 17]; and fraudulent voter registration and aiding and abetting, in violation of 52 U.S.C. §20511 (2)(A) and 18 U.S.C. § 2 [Counts 18 through 33].

The Defendant, MD Rafikul Islam, was specifically charged in Courts 1,9,10,13,25, 26 and 29 of the Indictment.

On April 1, 2025, the Defendant appeared before this Honorable Court and pled guilty to Counts 1,9,10,13,25,26 and 29 of the Indictment, pursuant to a written guilty plea agreement.

The offense occurred from May 2021 until February 2025; therefore, the Sentencing Reform Act of 1984 is applicable. The *Guidelines Manual* used to calculate the guidelines in the

report is that incorporating amendments effective November 1, 2024, as there are no *ex post facto* issues.

Pursuant to USSG § 6B1.4, the parties entered into the following stipulations under the *Guidelines Manual*:

- As of the date of the agreement, the Defendant demonstrated acceptance of responsibility for his offenses, making him eligible for a two-level downward adjustment, pursuant to USSG §E1.1(a).

- As of the date of the agreement, the Defendant assisted authorities in the investigation or prosecution of his own misconduct by timely notifying the government of his intent to plead guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently, resulting in a one-level downward adjustment, pursuant to USSG §3E1.1(b), if the Defendant's offense level is 16 or higher.

The Defendant acknowledged that fraudulently registering individuals who were not residents of Millbourne, Pennsylvania, to vote in Millbourne enabled them to vote in future federal elections from Millbourne.

The Defendant agreed to pay the special victims/witness assessment in the amount of $700.00 before the time of sentencing.

The parties agreed that based upon a total offense level of 8 and a criminal history category of I, the guideline imprisonment range is 0 to 6 months. Further, since the applicable guideline range is in Zone A of the Sentencing Table, a sentence of imprisonment is not required.

The Probation Officer stated in her final Pre-Sentence Report that "the Defendant received an adjustment under USSG § 4C1.1 (Adjustment for Certain Zero-Point Offenders) and his applicable guideline range is in Zone A or B of the Sentencing Table. Therefore, a sentence other than a sentence of imprisonment, in accordance with USSG §5C1.1(b) or (c)(3), is generally appropriate. USSG §5C1.1, comment. (N.10)."

The Probation Officer concluded that she has not identified any factors that would warrant a departure from the applicable sentencing guideline range and did not identify any factors that would warrant a variance from the applicable sentencing range.

On June 18, 2025, this Honorable Court sentenced the Defendant to 12 months plus 1 day on each count to run concurrently. Followed by 1 year of supervised release a $700.00 assessment and a fine of $1,000.00. The Defendant has paid the assessment and fine.

Under the Plea Agreement, the Defendant was entitled to file a direct appeal, challenging a decision by the sentencing judge to impose an "upward departure" pursuant to the Sentencing Guidelines. The Defendant could also challenge a decision by the sentencing judge to impose an "upward variance" above the final Sentencing Guideline range determined by the Court.

In the instant case, the Government was not seeking a term of imprisonment and stated so on the record at the time of sentencing.

The Defendant filed a timely appeal on July 10, 2025, and has been ordered to surrender for service of sentence at the designated institution before 2:00pm on August 15, 2025.

Rule 3143(b) of the Federal Rules of Appellate Procedure state as follows:

"Release or detention pending appeal by the defendant.—(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an

offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition or a writ of certiorari, be detained, unless the judicial officer finds—

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142 (b) or (c) of this title; and
>
> (B) That the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in
>
>> i. Reversal,
>>
>> ii. An order for a new trial,
>>
>> iii. A sentence that does not include a term of imprisonment, or
>>
>> iv. A reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

The Defendant is a US Citizen, married, employed and is a father who owns a home in the Commonwealth of Pennsylvania. He is not a flight risk and does not in any way pose a danger to the safety of any other person or the community.

The appeal is not for the purpose of delay but raises a substantial question of law and/or fact concerning the dramatic departure from the Sentencing Guidelines.

If this Honorable Court does not permit the Defendant to remain on release pending the appeal, he will surely serve the full term of imprisonment before the Appellate Court makes its determination.

Therefore, the Defendant prays that this Honorable Court grant him release pending appeal or in the alternative, extend the surrender date until after the appeal is ruled on.

Respectfully submitted,

**ROBERT C. KELLER, ESQUIRE**
**COUNSEL FOR DEFENDANT,**
**MD RAFIKUL ISLAM**