```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA     :        CRIMINAL ACTION
                             :
          v.                 :
                             :
MD RAFIKUL ISLAM             :        NO. 25-57-3
```

MEMORANDUM

Bartle, J.                                          August 4, 2025

        Defendant MD Rafikul Islam pleaded guilty to one count of conspiracy (18 U.S.C. § 871), three counts of false information in registering and aiding and abetting (52 U.S.C. § 10307(c) and 18 U.S.C. § 2) and three counts of fraudulent voter registration and aiding and abetting (52 U.S.C. § 20511(2)(A) and 18 U.S.C. § 2).  On June 18, 2025 this court sentenced him to imprisonment for a year and a day.  Defendant, an elected member of the Council of the Borough of Milbourne in Delaware County, committed serious crimes involving the fraudulent permanent voter registration of several dozen non-borough residents and the casting of fraudulent ballots of these non-borough residents in a municipal election.  Defendant timely filed a Notice of Appeal.

        Defendant is scheduled to self-surrender on August 15, 2025.  Before the Court is defendant's July 30, 2025 motion for release pending appeal or in the alternative to extend the surrender date.  Defendant relies on 18 U.S.C. § 3143(b) which

provides for detention of a defendant who was found guilty and sentenced to a term of imprisonment, and who has filed a notice of appeal unless defendant provides:

> (A)  By clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released …; and
>
> (B)  that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in –
>
>> (i)   reversal,
>>
>> (ii)  an order for a new trial,
>>
>> (iii) a sentence that does not include a term of imprisonment, or
>>
>> (iv)  a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

Our Court of Appeals has recognized that "[o]nce a person has been convicted and sentenced to jail, there is absolutely no reason for the law to favor release pending appeal or even permit it in the absence of exceptional circumstances." United States v. Miller, 753 F.2d 19, 22 (3d Cir. 1985).  Id. at 22 (quoting H.R. Rep. No. 91-907, at 186-87 (1970)).

The court agrees with the defendant that he is unlikely to flee.  Nor does he appear to be a danger to the safety of any other person or the community or to have filed his appeal for purposes of delay.

Defendant, however, has not demonstrated that he has raised a substantial question of law or fact that is likely to result in a reversal, in a sentence that does not include a term of imprisonment or in a reduced sentence less than the total time of the expected duration of the appeal process.  His only argument is that the court imposed an upward variance in sentencing him to prison for one year and a day when the Advisory Guidelines called for a sentence of zero to six months.

The court advised defendant before he pleaded guilty that the statutory maximum term of imprisonment in each count is five years and that defendant could receive such a sentence.  Defendant responded that he understood this possibility.

Defendant, an elected public official, sought to undermine a free and fair election and thus committed a direct and flagrant attack on our democracy.  The Advisory Guidelines in this instance were off the mark.  After considering the relevant factors under 18 U.S.C. § 3553(a), the court imposed a proper sentence which was sufficient but not greater than necessary.  The issue defendant raises is not substantial as it is not "debatable among jurists of reason."  United States v. Smith, 793 F.2d 85, 89 (3d Cir. 1986).

The motion of the defendant for release pending appeal or in the alternative to extend his surrender date will be denied.